CLARK, J.
Appellants challenge on appeal the Department of Children and Families’ revocation of their foster care license and adoption of the hearing officers’ recommended order. The basis for the revocation was Appellants’ use of corporal punishment upon a foster child in their home. Appellants do not deny that they struck the child on the buttocks with an object with sufficient force to leave bruising visible several days afterwards. Rather, Appellants argue that the prohibition on corporal punishment found in rule 65C-13.029(g)ll.e.(IV), Florida Administrative Code, and the Bilateral Services Agreement and Specialized Therapeutic Foster Parent Agreement the appellants voluntarily entered into unlawfully interfere with their religious curriculum or teachings, in violation of section 409.175(l)(b), Florida Statutes. Appellants also challenge the agency’s adherence to procedural due process prior to the revocation.
Section 120.68(8), Florida Statutes, requires affirmance of final agency action unless one of the statutory grounds for setting aside the final order is found by the reviewing court. Because Appellants challenge the procedures and application of the prohibition of “corporal punishment” which led to the final agency action, the applicable grounds to set aside the final agency action are limited to section 120.68(7)(c)-(e).
Section 120.68(7)(e) requires final agency action to be set aside if “the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or failure to follow prescribed procedure.” In this case, the agency served Appellants by certified mail with a notice setting out the facts and conduct which warranted the intended revocation of the foster home license. § 120.60(5), Fla. Stat. Appellants received the notice, requested a hearing pursuant to section 120.57(2), Florida Statutes, and participated in the hearing. Evidence was presented by the Department and Appellants had the opportunity to present evidence and cross-examine the witnesses. The hearing officer submitted a recommended order and all parties had the opportunity to file objections or exceptions. § 120.57(l)(k), (2)(a)2., Fla. Stat. Thereafter, the Department of Children and Families issued its final order adopting the recommended order and revoking Appellants’ license. Because Appellants have shown no material error in procedure or failure of the Department to follow prescribed procedure, section 120.68(7)(c) does not provide a basis for setting aside the final order.
Appellants also challenge the Department’s enforcement of the prohibition of corporal punishment of foster children as an erroneous interpretation of law, contrary to section 409.175(l)(b), Florida Statutes. Final agency action must be set aside if it resulted from the agency’s erroneous interpretation of a provision of law, pursuant to section 120.68(7)(d), Florida Statutes. Appellants argue that the Department erroneously applied the prohibition of corporal punishment to revoke their *901 foster care license because section 409.175(l)(b) prevents the Department from regulating “the form, manner, or content of any religious curriculum or teaching of a family foster home ... provided the health, safety, or well-being of the child is not adversely affected.” Thus, Appellants urge this court to find rule 65C-13.029(l)(g)ll.e.(IV), Florida Administrative Code, which states “Licensed out-of-home caregivers shall not use corporal punishments of any kind,” inapplicable to their striking this child as an action of religious teaching.
We reject Appellants’ contention that section 409.175(l)(b) deprives the Department of legal authority to prohibit corporal punishment, specifically the striking of the child’s body in an effort to control or in response to the child’s behavior, as the facts established in this case. Clearly, a licensure under section 409.175 does not endow the licensee with a property right. Section 409.175(2)(e) specifically provides: “A license under this act is a public trust and a privilege, and is not an entitlement.” In addition, the Bilateral Services Agreement and Specialized Therapeutic Foster Parent Agreement containing the same prohibition on corporal punishment as rule 65C-13.029 were voluntary contracts knowingly entered into by Appellants. If Appellants never intended to comply with the provisions of the contracts due to their religious practices, they should not have entered into the contracts and agreed to the terms and restrictions in those agreements, upon which their license was conditioned. Appellants have failed to establish any erroneous interpretation of a provision of law by the Department.
Likewise, Appellants have not established that the agency’s exercise of discretion in its final agency action violated any agency rule or policy, or violated any constitutional or statutory provision. Thus, section 120.68(7)(e), Florida Statutes, does not provide grounds upon which the final order must be set aside.
For all the foregoing reasons, the Department of Children and Families’ final order is AFFIRMED.
LEWIS, C.J., and RAY, J., concur.